NICHOLAS A. TRUTANICH
United States Attorney
District of Nevada
Nevada Bar Number 13644
NICHOLAS D. DICKINSON
Assistant United States Attorney
United States Attorney's Office
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
Tel: (702) 388-6175; Fax: (702) 388-6787
Nicholas.Dickinson@usdoj.gov

GUSTAV W. EYLER
Director
CLINT NARVER
Assistant Director
NATALIE SANDERS
Trial Attorney
U.S. Department of Justice
Consumer Protection Branch
PO Box 386
Washington, DC  20044
Tel: (202) 598-8056; Fax: (202) 514-8742
Clint.L.Narver@usdoj.gov

*Attorneys for the United States of America*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FRESENIUS KABI ONCOLOGY LIMITED,<br><br>Defendant. | No.  2:21-cr-00020-JAD-BNW<br><br>**Binding Plea Agreement Pursuant to Fed. R. Crim. P. 11(c)(1)(C) for Defendant Fresenius Kabi Oncology Limited** |

This plea agreement between the United States Department of Justice, Consumer Protection Branch and the United States Attorney's Office for the District of Nevada (jointly, "the United States"), and Fresenius Kabi Oncology Limited ("defendant" or "FKOL"), sets forth the parties'

agreement regarding the criminal charges referenced herein and the applicable sentences, fines, and forfeiture in the above-captioned case. **This is a binding plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).** The United States and defendant agree that the offense level to which the parties stipulate is correct, and that a criminal fine of $30,000,000, and criminal forfeiture of $20,000,000, are appropriate in this case. If the district court accepts the plea agreement, it will be obligated to accept the parties' stipulated offense level and impose the agreed-upon sentence. This agreement binds only defendant, the United States, and the district court, and does not bind the U.S. Probation Office, or any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities. This agreement does not prohibit the United States or any agency or third party from seeking any other civil or administrative remedies, including civil forfeiture *in rem,* directly or indirectly against defendant or defendant's property.

This agreement becomes effective upon signature by defendant, defendant's counsel, and attorneys for the United States.

## I. DEFENDANT'S OBLIGATIONS

1.      Defendant agrees to:

      a.      Give up the right to indictment by a grand jury and, at the earliest opportunity requested by the United States and provided by the court, appear and plead guilty to a one-count information in the form attached to this agreement as Exhibit A, which charges defendant with refusing to permit access to records during an FDA inspection, in violation of 21 U.S.C. §§ 331(e), 374(a) and 333(a)(1) (Count 1).

      b.      Stipulate to the facts agreed to in this agreement;

      c.      Abide by all agreements regarding sentencing contained in this agreement;

d.     Not seek to withdraw defendant's guilty plea once it is entered unless the district court later does not accept the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5);

e.     Appear for all court appearances, obey all conditions of any bond, and obey any other ongoing court order in this matter;

f.     Not commit any federal, state, or local crime;

g.     Be truthful at all times with the U.S. Probation and Pretrial Services Offices and the Court;

h.     The imposition of the in personam criminal forfeiture money judgment as set forth in this Plea Agreement and the Forfeiture Allegation of the Criminal Information.

2.     The defendant acknowledges that its prior, ongoing, and future cooperation is an important and a material factor underlying the United States' decision to enter into this agreement. The defendant agrees to cooperate fully and truthfully with the United States' investigation into the subject matters identified in Paragraph 9 and Exhibit B to this agreement as that investigation relates to former FKOL employees who had managerial responsibility for the Kalyani plant, the production unit of FKOL within which the offense was committed. Upon reasonable notice, the defendant shall encourage, and agrees will not impair, the cooperation of its directors, officers, and employees, and shall use good faith reasonable efforts to make available, and encourage, the cooperation of former directors, officers, and employees for interviews and testimony, consistent with the rights and privileges of such individuals. The defendant further agrees to furnish to the United States, upon request, complete and unredacted copies of all non-privileged documents, reports, memoranda of interviews, and records in its possession, custody, or control concerning any investigation that it has undertaken, or that has been performed by another on its behalf, involving any of the subject matters investigated by the United States in connection with the conduct encompassed by this agreement.

## II. THE UNITED STATES' OBLIGATIONS

3.    The United States agrees to:

a.    Stipulate to facts agreed to in this agreement;

b.    Abide by all agreements regarding sentencing contained in this agreement;

c.    Not bring any additional charges against defendant arising out of the factual basis set forth in Paragraph 9 and Exhibit B to this agreement.  However, the United States reserves the right to prosecute defendant for (a) any crime of violence as defined by 18 U.S.C. § 16; and (b) any criminal tax violations (including conspiracy to commit such violations chargeable under 18 U.S.C. § 371).

## III. ELEMENTS OF THE OFFENSE

4.    Count One: The elements of refusing to permit access to records during an FDA inspection, in violation of 21 U.S.C. §§ 331(e), 374(a) and 333(a)(1) are as follows:

First:    The defendant owned or operated an establishment at which prescription drugs, or nonprescription drugs intended for human use, were manufactured, processed, packed, or held for introduction into interstate commerce;

Second:    The defendant was required under 21 U.S.C. § 374(a) to permit the United States Food and Drug Administration ("FDA") access to certain records in such establishment; and

Third:    The defendant refused to permit the FDA access to such records.

## IV. CONSEQUENCES OF CONVICTION

5.    Maximum Statutory Penalties:

a.    Defendant understands that the statutory maximum sentence the district court can impose on an organizational defendant for a misdemeanor violation of the Federal Food, Drug, and Cosmetic Act, as charged in Count One, is: a fine of $200,000 or twice the gross gain or gross

4

loss resulting from the offense, which in this case is $90,000,000, whichever is greatest, *see* 18 U.S.C. § 3571(c)(5), (d); a term of probation of not more than 5 years, *see* 18 U.S.C. § 3561(c)(2); and a mandatory special assessment of $125, *see* 18 U.S.C. § 3013(a)(1)(B)(iii).

      b.     The district court may order defendant to pay restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.

      c.     If a fine or restitution is imposed, it shall be payable immediately, unless the district court orders otherwise under 18 U.S.C. § 3572(d).  Defendant may be required to pay interest if the fine is not paid when due.

6.     Criminal Forfeiture: Defendant understands that the district court will impose forfeiture of the in personam criminal forfeiture money judgment.

7.     Factors under 18 U.S.C. § 3553: Defendant understands that the district court must consider the factors set forth in 18 U.S.C. § 3553(a) in determining defendant's sentence. However, the statutory maximum sentence limits the district court's discretion in determining defendant's sentence.

## V. FACTUAL BASIS

8.     Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty. Defendant acknowledges that if defendant elected to go to trial instead of pleading guilty, the United States could prove defendant's guilt beyond a reasonable doubt and establish its right to forfeit the specified property by preponderance of the evidence.  Defendant further acknowledges that defendant's admissions and declarations of fact, set forth in a statement of facts attached to this plea agreement as Exhibit B, satisfy every element of the charged offense. Defendant waives any potential future claim that the facts defendant admitted in Exhibit B are insufficient to satisfy the elements of the charged offense. Defendant admits and declares under penalty of perjury that the facts set forth in Exhibit B are true and correct.

## VI. SENTENCING FACTORS

9.    Discretionary Nature of Sentencing Guidelines: Defendant understands that in determining defendant's sentence, the district court is required to calculate the applicable sentencing guidelines range and to consider that range, possible departures under the sentencing guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the sentencing guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated sentencing guidelines range, and that after considering the sentencing guidelines and the other § 3553(a) factors, the district court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), however, if the district court accepts this plea agreement, it will be obligated to follow the parties' stipulated offense level and impose the agreed-upon sentence of a criminal fine of $30,000,000, and criminal forfeiture of $20,000,000.

10.    Offense Level Calculations: The parties stipulate to the following calculation of defendant's offense level under the sentencing guidelines; agree that the stipulation will bind the district court pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) if it accepts this plea agreement; and agree that they will not seek to apply or advocate for the use of any other base offense level(s) or any other specific offense characteristics, enhancements, or reductions in calculating the advisory guidelines range. The United States and defendant agree that while the fine provisions of the United States Sentencing Guidelines ("U.S.S.G.") do not apply to organizational defendants that are convicted of misdemeanor violations of the Federal Food, Drug, and Cosmetic Act, see U.S.S.G. § 8C2.1, the following is consonant with the U.S.S.G. and takes into account defendant's conduct under 18 U.S.C. §§ 3553 and 3572 and U.S.S.G. § 8C2.10.

a.    The United States and defendant agree that the applicable base offense level is 6 pursuant to U.S.S.G. §§ 2N2.1 and 2X5.2.

6

b.     The United States and defendant further agree that the base fine is $45,000,000, pursuant to U.S.S.G. § 8C2.4(a)(2), because this is the pecuniary gain to the organization from the offense.

c.     The United States and defendant further agree that, pursuant to U.S.S.G. § 8C2.5, the culpability score is 3, which is determined as follows:

i.     The base culpability score is 5, pursuant to U.S.S.G. § 8C2.5(a);

ii.     The culpability score is increased by 3 points, pursuant to U.S.S.G. § 8C2.5.(b)(3)(B), because FKOL's Kalyani plant, the unit of the FKOL organization within which the offense was committed, had 200 or more employees and an individual within high-level personnel of the unit participated in, condoned, or was willfully ignorant of the offense; and tolerance of the offense by substantial authority personnel was pervasive throughout such unit;

iii.     The culpability score is decreased by 5 points, pursuant to U.S.S.G. § 8C2.5.(g)(1), because defendant, prior to an imminent threat of disclosure or government investigation, and within a reasonably prompt time after becoming aware of the offense, reported the offense to appropriate governmental authorities, fully cooperated in the investigation, and clearly demonstrated recognition and affirmative acceptance of responsibility for its criminal conduct;

d.     The United States and defendant further agree that the multiplier range associated with a culpability score of 3 is 0.60 – 1.20, pursuant to U.S.S.G. § 8C2.6.

e.     The United States and defendant further agree that the advisory guideline fine range is $27,000,000 to $54,000,000, pursuant to U.S.S.G. § 8.C2.7.

f.     The United States and defendant further agree that the maximum fine is $90,000,000, pursuant to 18 U.S.C § 3571(d).

11.     Additional Sentencing Information: The stipulated sentencing guidelines calculations are based on information now known to the parties. Defendant understands that both defendant and

the United States are free to (a) supplement the facts in this agreement by supplying relevant information to the U.S. Probation and Pretrial Services Offices and the district court regarding the nature, scope, and extent of defendant's criminal conduct and any aggravating or mitigating facts or circumstances; and (b) correct any and all factual misstatements relating to the district court's sentencing guidelines calculations and determination of sentence. While this paragraph permits both the United States and defendant to submit full and complete factual information to the U.S. Probation and Pretrial Services Offices and the district court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the United States' obligations not to contest the facts agreed to in this agreement. Good faith efforts to provide truthful information or to correct factual misstatements shall not be grounds for defendant to withdraw defendant's guilty plea.

Defendant acknowledges that in the event that the district court so requests, the U.S. Probation Office may calculate the sentencing guidelines differently and may rely on additional information it obtains through its investigation. Defendant also acknowledges that the district court may rely on this and other additional information as it calculates the sentencing guidelines range and makes other sentencing determinations, and the district court's reliance on such information shall not be grounds for defendant to withdraw defendant's guilty plea, unless the district court rejects this binding plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).

**VII. POSITIONS REGARDING SENTENCING**

12.     **This is a binding plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C).** The United States and defendant will jointly recommend that the district court impose the following sentence:

a.     Defendant shall pay a criminal fine in the amount of $30,000,000, within seven (7) days after sentencing.

8

b.      Defendant shall pay criminal forfeiture in the amount of $20,000,000, within seven (7 days) after sentencing.

c.      Defendant shall pay a special assessment of $125.

d.      Defendant shall establish and maintain a Compliance and Ethics Program to govern its business operations, pursuant to the provisions set forth in Exhibit C to this agreement.

e.      The United States agrees that it will not seek a term of probation in light of: (i) the remedial measures undertaken by defendant to date; and (ii) defendant's establishment and maintenance of the Compliance and Ethics Program set forth in Exhibit C to this agreement.

f.      The parties agree that restitution is not required or administratively feasible in this case. The statutory basis for defendant's guilty plea is refusal to permit access to records during an FDA inspection, in violation of 21 U.S.C. §§ 331(e), 374(a) and 333(a)(1). No statutory basis exists for an order of restitution for that offense under 18 U.S.C. §§ 3663(a)(1)(A) or 3663A(c)(1). The parties are also unaware of any persons "directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered," or "directly and proximately harmed as a result of the commission of a Federal offense," as any harm accruing from the purchase or use of defendant's drugs has not been established as directly and proximately traceable to the offense conduct for which defendant is pleading guilty. 18 U.S.C. §§ 3663(a)(2), 3663A(a)(2), 3771(e)(2). Furthermore, the parties agree that attempting to fashion an order to provide restitution to any such possible persons would result in complication and prolongation of the sentencing process that would outweigh the need to provide restitution to any such possible persons. 18 U.S.C. § 3663(a)(1)(B)(ii).

13.     In agreeing to this sentencing recommendation, the parties have taken into consideration all of the factors set forth in 18 U.S.C. § 3553(a) and conclude that the recommended sentence is a reasonable sentence. The parties understand and the defendant acknowledges that, if the

district court accepts this binding plea agreement, this recommended sentence will be binding on the district court pursuant to Fed. R. Crim. P. 11(c)(1)(A) and (C). Either party may withdraw from this plea agreement in the event that the district court informs the parties that it rejects this binding plea agreement. *See* Fed. R. Crim. P. 11(c)(1)(5).

14.    If the district court rejects this binding plea agreement, defendant is advised that (a) the district court is not required to follow the plea agreement; (b) both defendant and the United States have the opportunity to withdraw from the plea; and (c) if the plea is not withdrawn, the district court may dispose of the case less favorably toward defendant than the plea agreement contemplated, pursuant to Fed. R. Crim. P. 11(c)(1)(5)(A)-(C). Defendant acknowledges, if the district court rejects the plea agreement and defendant chooses not to withdraw defendant's guilty plea, the district court does not have to follow the recommendation of either party.

15.    Defendant intends to seek sentencing by the district court immediately following the Rule 11 plea hearing.  The United States does not object to the district court proceeding to sentence the defendant immediately following the Rule 11 plea hearing or in the absence of a Presentence Report. Defendant understands that the decision whether to proceed immediately with sentencing following the Rule 11 plea hearing, and to do so without a Presentence Report, is exclusively that of the district court.

16.    Notwithstanding its agreement to recommend a sentence as described above, the United States reserves its right to defend any lawfully imposed sentence on appeal or in any post-conviction litigation.

## VIII. WAIVER OF CONSTITUTIONAL RIGHTS

17.    Defendant understands that by pleading guilty, defendant gives up the following rights:

a.    The right to persist in a plea of not guilty;

b.    The right to a speedy and public trial by jury;

c.   The right to be represented by counsel at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel at every other stage of the proceeding;

d.   The right to be presumed innocent and to have the burden of proof placed on the United States to prove defendant guilty beyond a reasonable doubt;

e.   The right to confront and cross-examine witnesses against defendant;

f.   The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify; and

g.   The right to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and any other pretrial motions that have been filed or could be filed.

h.   Having been fully advised by defendant's attorney regarding the requirements of venue with respect to the offense to which defendant is pleading guilty, to the extent the offense to which defendant is pleading guilty was committed, begun, or completed outside the District of Nevada, defendant knowingly, voluntarily, and intelligently waives, relinquishes, and gives up: (a) any right that defendant might have to be prosecuted only in the district where the offense to which defendant is pleading guilty was committed, begun, or completed; and (b) any defense, claim, or argument defendant could raise or assert based upon lack of venue with respect to the offense to which defendant is pleading guilty.

i.   Having been fully advised by defendant's attorney regarding application of the statute of limitations to the offense to which defendant is pleading guilty, defendant hereby, upon acceptance by the district court of this binding plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), knowingly, voluntarily, and intelligently waives, relinquishes, and gives up: (a) any right that defendant might have not to be prosecuted for the offense to which defendant is pleading guilty because of the expiration of the statute of limitations for that offense prior to the filing

11

Case 2:21-cr-00020-JAD-BNW    Document 12    Filed 03/23/21    Page 12 of 21

of the information alleging that offense; and (b) any defense, claim, or argument defendant could raise or assert that prosecution of the offense to which defendant is pleading guilty is barred by the expiration of the applicable statute of limitations, pre-indictment delay, or any speedy trial violation.

## IX. WAIVER OF APPELLATE RIGHTS

18.    Waiver of Appellate Rights. Defendant knowingly and expressly waives: (a) the right to appeal any sentence imposed at or below the statutory maximum; (b) the right to appeal the manner in which the district court determined that sentence on the grounds set forth in 18 U.S.C. § 3742; and (c) subject solely to the exceptions listed in the next paragraph, the right to appeal any other aspect of the conviction, including but not limited to the constitutionality of the statutes of conviction; any other aspect of the sentence; and any order of restitution or forfeiture.

19.    Defendant reserves only the right to appeal any portion of the sentence that exceeds the statutory maximum.

20.    Waiver of Post-Conviction Rights. Defendant also knowingly and expressly waives all collateral challenges, including any claims under 28 U.S.C. § 2255, to defendant's conviction, sentence, and the procedure by which the district court adjudicated guilt and imposed sentence, except non-waivable claims of ineffective assistance of counsel.

21.    Preservation of Evidence: Defendant acknowledges that the United States and the agencies investigating this case are not obligated or required to preserve any evidence obtained in the investigation of this case.

## X. FORFEITURE

22.    The defendant knowingly and voluntarily:

a.    Agrees to the district court imposing an in personam criminal forfeiture money judgment of $20,000,000;

b.    Agrees the in personam criminal forfeiture money judgment amount complies with *Honeycutt v. United States*, 137 S. Ct. 1626 (2017);

12

c.      Waives defendant's right to any abandonment proceedings, any civil administrative forfeiture proceedings, any civil judicial forfeiture proceedings, or any criminal forfeiture proceedings of the in personam criminal forfeiture money judgment (proceedings);

d.      Waives service of process of any and all documents filed in this action or any proceedings concerning the in personam criminal forfeiture money judgment arising from the facts and circumstances of this case;

e.      Agrees not to file any claim, answer, petition, or other documents in any proceedings concerning the in personam criminal forfeiture money judgment; agrees not to contest, or to assist any other person or entity in contesting, the forfeiture; and agrees to withdraw immediately any claim, answer, petition, or other documents in any proceedings;

f.      Waives the statute of limitations, the CAFRA requirements, Fed. R. Crim. P. 7, 11, 32.2, and 43(a), including, but not limited to, forfeiture notice in the charging document, the court advising defendant of the forfeiture at the change of plea, the court having a forfeiture hearing, the court making factual findings regarding the forfeiture, the court failing to announce the forfeiture at sentencing, and all constitutional requirements, including, but not limited to, the constitutional due process requirements of any proceedings concerning the in personam criminal forfeiture money judgment;

g.      Waives all constitutional, legal, and equitable defenses and claims to the in personam criminal forfeiture money judgment in any proceedings, including, but not limited to, (a) any constitutional or statutory double jeopardy defenses and claims, (b) any constitutional or statutory defenses and claims under the Eighth Amendment to the United States Constitution, including, but not limited to, any defenses and claims of excessive fines or cruel and unusual punishments, and (c) any constitutional or statutory defenses and claims under *Honeycutt v. United States*, 137 S. Ct. 1626;

h.      Agrees to the entry of an Order of Forfeiture for the in personam criminal forfeiture money judgment to the United States;

i.      Waives the right to appeal any Order of Forfeiture;

j.      Agrees the in personam criminal forfeiture money judgment is immediately due and payable and is subject to immediate collection by the USAO;

13

k.  Agrees and understands the in personam criminal forfeiture money judgment shall not be treated as satisfaction of any assessment, fine, restitution, cost of imprisonment, or any other penalty the district court may impose upon defendant in addition to the forfeiture;

l.  Agrees and understands that on the government's motion, the court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include subsequently located property or substitute property pursuant to Fed. R. Crim. P. 32.2(e) and 32.2(b)(2)(C);

m.  Acknowledges that the amount of the forfeiture may differ from, and may be significantly greater than or less than, the amount of restitution; and

n.  Agrees to take all steps as requested by the USAO to pass clear title of any forfeitable assets which may be used to satisfy the in personam criminal forfeiture money judgment to the United States and to testify truthfully in any judicial forfeiture proceedings. Defendant understands and agrees that the in personam criminal forfeiture money judgment amount represents proceeds of illegal conduct and is forfeitable.

23.  The defendant admits the in personam criminal forfeiture money judgment amount is (1) any property, real or personal, which constitutes or is derived from proceeds traceable to violations of 21 U.S.C. §§ 331(e) and 374(a), a specified unlawful activity as defined in 18 U.S.C. § 1956(c)(7)(F), involving a Federal health care offense as defined in 18 U.S.C. § 24, or a conspiracy to commit such offense or (2) property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of 21 U.S.C. §§ 331(e) and 374(a), involving a Federal health care offense as defined in 18 U.S.C. § 24, and is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); 18 U.S.C. § 982(a)(7); and 21 U.S.C. § 853(p).

## XI. RESULT OF WITHDRAWAL OF GUILTY PLEA
## OR VACATUR/REVERSAL/SET-ASIDE OF CONVICTION

24.  Consequence of withdrawal of guilty plea: Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than the district court rejecting the binding plea agreement or a claim and finding that entry into this agreement was involuntary, then (a) the United States will

14

be relieved of all of its obligations under this agreement and (b) should the United States choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

25.    <u>Consequence of vacatur, reversal, or set-aside</u>: Defendant agrees that if defendant's conviction is vacated, reversed, or set aside, both the United States and defendant will be released from all their obligations under this agreement, except that, should the United States choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## XII. BREACH OF AGREEMENT

26.    Defendant agrees that if, at any time after this agreement becomes effective, defendant knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the United States may declare this agreement breached, except that any breach of the Compliance and Ethics Program (attached as Exhibit C) shall be addressed under the terms of the Compliance and Ethics Program. All of defendant's obligations are material, a single breach of this agreement is sufficient for the United States to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the United States in writing. If the United

States declares this agreement breached, and the district court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be relieved of its obligation to make the payments set forth in this Plea Agreement nor will defendant be entitled to return of any monies already paid., and (b) the United States will be relieved of all its obligations under this agreement.

27.   Following the Court's finding of a knowing breach of this agreement by defendant, should the United States choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a.   Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b.   Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c.   Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Federal Rule of Evidence 410, Federal Rule of Criminal Procedure 11(f), or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

## XIII. COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES.

28.   Defendant understands that the U.S. Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the United States' sentencing recommendations

or the parties' agreements to facts or sentencing factors. Defendant understands that the district court is not a party to this agreement.

29.    Defendant understands that, if the district court rejects the plea agreement and defendant chooses not to withdraw defendant's guilty plea, the district court may ignore any sentencing recommendation, find facts or reach conclusions different from those agreed to by the parties, or impose any sentence up to the maximum established by statute.  Defendant understands that, if the district court rejects the plea agreement and defendant chooses not to withdraw defendant's guilty plea, no one—not the prosecutor, defendant's attorney, or the court—can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

## XIV. ADDITIONAL ACKNOWLEDGMENTS

30.    The Defendant acknowledges that:

a.    Defendant read this agreement and defendant understands its terms and conditions.

b.    Defendant had adequate time to discuss this case, the evidence, and this agreement with defendant's attorney.

c.    Defendant carefully and thoroughly discussed all terms of this agreement with defendant's attorney.

d.    Defendant understands the terms of this agreement and voluntarily agrees to those terms.

e.    Defendant has discussed with defendant's attorney the following: the evidence; defendant's rights; possible pretrial motions that might be filed; possible defenses that might be asserted either prior to or at trial; the sentencing factors set forth in 18 U.S.C. § 3553(a); the relevant sentencing guidelines provisions; and consequences of entering into this agreement.

17

f.      The representations contained in this agreement are true and correct, including the factual basis for defendant's offense set forth in this agreement.

31.    Defendant understands that defendant alone decides whether to plead guilty or go to trial and acknowledges that defendant has decided to enter defendant's guilty plea knowing of the charges brought against defendant, defendant's possible defenses, and the benefits and possible detriments of proceeding to trial.

32.    Defendant understands that no promises, understandings, or agreements other than those set forth in this agreement have been made or implied by defendant, defendant's attorney, or the United States, and no additional promises, agreements, or conditions shall have any force or effect unless set forth in writing and signed by all parties or confirmed on the record before the district court.

33.    Defendant acknowledges that defendant decided to plead guilty voluntarily and that no one threatened, coerced, or forced defendant to enter into this agreement.

34.    Defendant is satisfied with the representation of defendant's attorney, and defendant is pleading guilty because defendant is guilty of the charge and chooses to take advantage of the promises set forth in this agreement and for no other reason.

35.    Defendant agrees that it is authorized to enter into this agreement, that it has authorized the undersigned corporate representative, Arvind Kumar Sharma, to execute this agreement on behalf of defendant, and that all corporate formalities for such authorization have been observed.

36.    Defendant has provided to the United States a certified copy of a resolution of the governing body of defendant, affirming that it has authority to enter into this agreement and has (1) reviewed this plea agreement and the Information in this case; (2) consulted with legal counsel in this matter; (3) authorized execution of this agreement; (4) authorized defendant to plead guilty to the

18

Information; (5) authorized its corporate representative, Arvind Kumar Sharma, to execute this agreement and all other documents necessary to carry out the provisions of this agreement. A copy of this resolution is attached as Exhibit D to this agreement.

## XV. PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

37.     The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

19

AGREED AND ACCEPTED

U.S. DEPARTMENT OF JUSTICE                    U.S. ATTORNEY'S OFFICE
CONSUMER PROTECTION BRANCH          FOR THE DISTRICT OF NEVADA

GUSTAV W. EYLER                                        NICHOLAS A. TRUTANICH
Director                                                         United States Attorney

_____  1/14/21          _____  1/11/21
CLINT L. NARVER          Date                     NICHOLAS D. DICKINSON    Date
Assistant Director                                        Assistant United States Attorney


_____                          _____
FRESNIUS KABI ONCOLOGY LIMITED            Date
Defendant


_____                          _____
JAMES P. ELLISON, ESQ.                              Date
Attorney for Defendant

AGREED AND ACCEPTED

U.S. DEPARTMENT OF JUSTICE            U.S. ATTORNEY'S OFFICE
CONSUMER PROTECTION BRANCH            FOR THE DISTRICT OF NEVADA

GUSTAV W. EYLER                      NICHOLAS A. TRUTANICH
Director                             United States Attorney


_____ Date     _____ Date
CLINT L. NARVER                      NICHOLAS D. DICKINSON
Assistant Director                   Assistant United States Attorney


_____          15 JON. 2021
FRESNIUS KABI ONCOLOGY LIMITED       Date
Defendant

                                     1-15-2021
_____          Date
JAMES P. ELLISON, ESQ.
Attorney for Defendant

20